Bank of N.Y. Mellon v Mitchell (2020 NY Slip Op 05023)





Bank of N.Y. Mellon v Mitchell


2020 NY Slip Op 05023


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-13860
 (Index No. 21946/09)

[*1]Bank of New York Mellon, etc., appellant,
v
Daniel Mitchell, respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 11, 2016. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendant Daniel Mitchell, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Daniel Mitchell, to strike that defendant's answer, and for an order of reference, and granted that branch of the defendant Daniel Mitchell's cross motion which was to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to serve him with notice pursuant to RPAPL 1303.
ORDERED that the appeal is dismissed, without costs or disbursements.
In April 2004, the defendant Daniel Mitchell (hereinafter the defendant) executed a note secured by a mortgage on certain real property located in Brooklyn. In August 2009, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer.
In 2012, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. Thereafter, the defendant cross-moved, among other things, to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to serve him with notice pursuant to RPAPL 1303.
The Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and granted that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to serve him with notice pursuant to RPAPL 1303. In the order appealed from, the court stated that a hearing had been conducted on the issue of whether the defendant had been served with notice pursuant to RPAPL 1303, and that an order dated March 13, 2014, was issued, wherein the Supreme Court, Kings County (Nina Kurtz, Ct. Atty. Ref.), found that service of process upon the defendant was not properly effectuated. The plaintiff appeals.
"It is the obligation of the appellant to assemble a proper record on appeal" (JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d 801, 801; see US Bank Trust, N.A. v Williams, 168 AD3d 1122), which must include any relevant transcripts of proceedings before the Supreme Court (see CPLR 5525; Matter of Leacock v Muhammad, 165 AD3d 942). Here, the plaintiff's failure to [*2]provide this Court with a transcript of the hearing that was conducted on the issue of whether the defendant had been served with notice pursuant to RPAPL 1303 and/or the order dated March 13, 2014, renders the record on appeal inadequate to enable this Court to reach an informed determination on the merits (see JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d at 801-802). Accordingly, we dismiss the appeal.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court